**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiff Michael Cook

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL COOK,<br><br>    Plaintiff,<br><br>        vs.<br><br>CITY OF ONTARIO; CHUEN TSANG; CODY WYRICK-SMITH; BORIS ZEISSIG; WILLIAM MLODZINSKI; PATRICK WOOLWEAVER; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Violation of Fourth Amendment Rights – Excessive Force;<br><br>2. Violation of Fourth / Fourteenth Amendment – Malicious Prosecution;<br><br>3. Violation of Fourth / Fourteenth Amendment – Deliberate Fabrication of Evidence;<br><br>4. Municipal Liability – Failure to Train and/or Discipline;<br><br>5. Municipal Liability – Unconstitutional Custom/Practice and/or Policy; |

**JURY TRIAL DEMANDED**

    **COMES NOW** Plaintiff Michael Cook and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.  As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of San Bernardino, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Michael Cook, hereinafter referred to as "COOK" or "Plaintiff COOK", is a natural person, who, at all times complained of in this action, resided in the County of Riverside, State of California.

4. Defendant City of Ontario, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

5. Defendant Chuen Tsang, hereinafter also referred to as "TSANG", is, and at all times complained of herein, was, a peace officer employed by the Ontario Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

6. Defendant Cody Wyrick-Smith, hereinafter also referred to as "WYRICK-SMITH", is, and at all times complained of herein, was, a peace officer employed

by the Ontario Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

7. Defendant Boris Zeissig, hereinafter also referred to as "ZEISSIG", is, and at all times complained of herein, was, a peace officer employed by the Ontario Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

8. Defendant William Mlodzinski, hereinafter also referred to as "MLODZINSKI", is, and at all times complained of herein, was, a peace officer employed by the Ontario Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

9. Defendant Patrick Woolweaver, hereinafter also referred to as "WOOLWEAVER", is, and at all times complained of herein, was, a peace officer employed by the Ontario Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

10. Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or dispatchers and/or some other public officer, public official or employee of

defendant CITY and/or otherwise employed by the Ontario Police Department,
who in some way committed some or all of the tortious actions (and
unconstitutional violations) complained of in this action, and/or are otherwise
responsible for and liable to plaintiff for the acts complaint of in this action, whose
identities are, and remain, unknown to plaintiff, who will amend his complaint to
add and to show the actual names of said DOE defendants when ascertained by
plaintiff.

11. At all times complained of herein, DOES 1 through 6, inclusive, were
acting as individual persons acting under the color of state law, pursuant to their
authority as sworn peace officers and/or police officers and/or Special Officers
and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.)
and/or dispatchers, employed by the Ontario Police Department, and were acting in
the course of and within the scope of their employment with defendant CITY.

12. Defendants DOES 7 through 10, inclusive, are sworn peace officers
and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains
and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or
police making and/or final police making officials, employed by Ontario Police
Department and/or defendant City of Ontario, who are in some substantial way
liable and responsible for, or otherwise proximately caused and/or contributed to
the occurrences complained of by plaintiff in this action, such as via supervisory
liability (i.e. failure to properly supervise, improperly directing subordinate

officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Ontario Police Department for, *inter alia*,: 1) for using excessive force upon persons; 2) fabricating evidence; 3) covering up tortious conduct by Ontario Police Department peace officers.

13. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Ontario Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

14. At all times complained of herein, defendants DOES 7 though 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace

officers, with the Ontario Police Department and/or otherwise with defendant CITY[1].

15. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

16. In addition to the above and foregoing, Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive Plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

17. Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

18. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the

_____

[1] Such as a City executive officer.

COMPLAINT FOR DAMAGES

6

plaintiff's federal and state constitutional and statutory rights, as complained of herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights –**
**Excessive/Unreasonable Use of Force on Person**
**(Against Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI,**
**WOOLWEAVER and DOES 1 through 6, inclusive)**

19. Plaintiff hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in full herein.

20. On July 21, 2022, COOK and his then girlfriend got into a verbal argument. Following the argument, COOK's girlfriend left COOK's home in Riverside, California and went to her home in Ontario, California.

21. Throughout the evening of July 21, 2022 and during the early hours of July 22, 2022, COOK's girlfriend repeatedly called his cell phone but he did not answer her calls.

22. During the morning hours of July 22, 2022, COOK called his girlfriend back and a man answered her phone. Unbeknownst to COOK, the man who answered the phone was Ontario Police Department Officer TSANG.

23. TSANG immediately began antagonizing COOK and challenged COOK to a fight. TSANG did not identify himself as a police officer.

24. After several minutes of being verbally antagonized and threatened by TSANG, Plaintiff got in his truck and drove to his girlfriend's home in Ontario, California.

COMPLAINT FOR DAMAGES

25.    When COOK arrived at his girlfriend's house, he exited his truck and was immediately confronted by TSANG.

26.    TSANG had his gun pointed at COOK and began screaming at COOK to "get on the ground."

27.    COOK had no idea what was going on and said, "For what? I didn't do anything."

28.    Several Ontario Police Department officers then arrived on scene, including WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive, and had their guns drawn and pointed at COOK.

29.    COOK was then tackled from behind by WYRICK-SMITH and DOES 1 through 6, inclusive, and taken to the ground.

30.    While on the ground, WYRICK-SMITH and DOES 1 through 6, inclusive, used deadly force against COOK by attempting to place COOK in a carotid hold.

31.    As WYRICK-SMITH was attempting to place COOK in a carotid hold, TSANG, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive, then began repeatedly beating COOK with their batons as well as kicking, stomping and punching COOK.

32.    TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive, beat COOK so severely that COOK lost consciousness and defecated himself.

33.     COOK was then arrested and taken to the hospital where he was diagnosed with a number of injuries, including a broken leg.

34.     TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive, then authored bogus police reports in an effort to induce the San Bernardino County District Attorney's Office to prosecute COOK for violating Penal Code sec. 69.

35.     After reviewing the defendants' fabricated reports, and in reliance upon the fabricated reports, the San Bernardino County District Attorney's Office filed criminal charges against COOK, including a felony charge of violating Penal Code sec. 69.

36. The charge was ultimately dismissed in the interest of justice.

37. As mentioned above and in addition to the above and foregoing, when COOK was physically harmed by Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive.

38. The actions of Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of COOK's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

39. As a direct and proximate result of the actions of Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1

COMPLAINT FOR DAMAGES

through 6, inclusive, as complained of herein, COOK: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

40. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of COOK's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

<u>**SECOND CAUSE OF ACTION**</u>
<u>**MALICIOUS PROSECUTION**</u>
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth and Fourteenth Amendment Right**
**(Against Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI and DOES 1 through 6, inclusive)**

41. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40, inclusive, above, as if set forth in full herein.

42. As shown above, Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, and DOES 1 through 6, inclusive, used excessive force upon COOK and intentionally included false information in their reports to induce the San Bernardino County District Attorney's Office to prosecute COOK.

1      43. Also as shown above, Defendants TSANG, WYRICK-SMITH,

2 ZEISSIG, MLODZINSKI, and DOES 1 through 6, inclusive, knew that plaintiff

3 COOK had not committed a violation of Penal Code § 69, and, nonetheless,

4 authored bogus police reports and accused plaintiff COOK of various acts in an

5 effort to justify their unlawful conduct.

6

7      44. Said police reports authored by Defendants TSANG, WYRICK-SMITH,

8 ZEISSIG, MLODZINSKI, and DOES 1 through 6, inclusive, also contained

9 material misrepresentations of facts, including that COOK was walking towards

10 his vehicle to obtain a weapon; alleging that COOK said he was going to "box"

11 TSANG; alleging that COOK took an "aggressive fighting stance"; alleging

12 COOK was getting ready to "fight with officers"; alleging that COOK resisted

13 arrested; alleging COOK attempted to "take Officer Wyrick-Smith down to the

14 ground by grabbing Officer Wyrick-Smith's legs"; alleging COOK was

15 "concealing his left arm"; alleging that they observed COOK "cock his right leg

16 back in an attempt to kick Officer Zeissig"; alleging that COOK had fled from the

17 scene; alleging that COOK pulled away from officers; alleging COOK was balling

18 his fists; alleging that COOK was fighting with officers; alleging that COOK was

19 attempting to place his arms under his chest; alleging that COOK was attempting

20 to pull his arms apart while the officers were handcuffing him; alleging that COOK

21 was attempting to grab onto to officers' legs and tackle officers; alleging that

22 COOK refused to put his hands behind his back; and alleging that COOK "spun"

into the officers; all of which was not true, upon which the San Bernardino County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution of plaintiff COOK.

45. Moreover, said criminal action against COOK was dismissed by the San Bernardino County District Attorney's Office, in the interest of justice.

46. Moreover, said criminal action was procured by said defendants with malice.

47. Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants constituted a violation of the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution.

48. As a direct and proximate result of the actions Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI and DOES 1 through 6, inclusive, as complained of herein, COOK: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

49. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of COOK's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of

COMPLAINT FOR DAMAGES

them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourteenth Amendment Rights –
### Deliberate Fabrication of Evidence
### (Against Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI and DOES 1 through 6, inclusive)

50. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 49, inclusive, above, as if set forth in full herein.

51. Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, and DOES 1 through 6, inclusive, deliberately fabricated evidence that was used to criminally charge and prosecute COOK.

52. The reports authored by Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, and DOES 1 through 6, inclusive, are littered with intentional material misrepresentations. These misrepresentations include stating that COOK was walking towards his vehicle to obtain a weapon; alleging that COOK said he was going to "box" TSANG; alleging that COOK took an "aggressive fighting stance"; alleging COOK was getting ready to "fight with officers"; alleging that COOK resisted arrested; alleging COOK attempted to "take Officer Wyrick-Smith down to the ground by grabbing Officer Wyrick-Smith's legs"; alleging COOK was "concealing his left arm"; alleging that they observed COOK "cock his right leg back in an attempt to kick Officer Zeissig"; alleging that COOK had fled from the scene; alleging that COOK pulled away from officers;

alleging COOK was balling his fists; alleging that COOK was fighting with officers; alleging that COOK was attempting to place his arms under his chest; alleging that COOK was attempting to pull his arms apart while the officers were handcuffing him; alleging that COOK was attempting to grab onto to officers' legs and tackle officers; alleging that COOK refused to put his hands behind his back; and alleging that COOK "spun" into the officers;

53. These reports were ultimately submitted to the San Bernardino County District Attorney's Office and relied upon during the prosecution of COOK.

54. All of the allegations listed above from the defendants' reports are not true and defendants knew these statements were not true.

55. Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the prosecution of COOK.

56. The actions of Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of COOK's rights under the Fourteenth Amendment to the United States Constitution.

57. As a direct and proximate result of the actions of Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, and DOES 1 through 6, inclusive, as complained of herein, COOK: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and

expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

58. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of COOK's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
## FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (Against CITY)

59. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60. As complained of herein above, the acts of Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive, deprived COOK of his rights under the laws of the United States and The United States Constitution.

61. The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted COOK, including knowing what conduct rises to the level of a violation of Penal Code § 69; and when reasonable force may be used against a person.

COMPLAINT FOR DAMAGES
15

62. CITY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

63. The failure of CITY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive.

64. CITY's failure to train is closely related to the deprivation of Plaintiff's rights as to be the moving force that ultimately caused Plaintiff COOK's injuries.

65. As a direct and proximate result of the actions of Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive, as complained of herein, COOK: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

## FIFTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
**Claim Against Local Governing Body Defendants Based On Official Policy, Practice, or Custom**
**(Against CITY)**

66. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 though 65, inclusive, above, as if set forth in full herein.

67. As shown above, the actions of Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive,

deprived COOK of his particular rights under the United States Constitution, as described above.

68. At all times complained of herein, Defendants TSANG, WYRICK-SMITH, ZEISSIG, MLODZINSKI, WOOLWEAVER and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages, and practices of the Ontario Police Department / Defendant CITY: 1) using excessive force; 2) maliciously prosecuting persons; and 3) for covering up unlawful and tortious conduct by Ontario Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

69. Said actions of said defendants were done by them under the color of state law.

70. As a proximate result of said defendants acting pursuant to said policies, customs, usages, and practices of defendant CITY, above-described, said defendants committed said actions complained of above.

71. As a direct and proximate result of the actions of Defendants, as complained of herein, COOK: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

**WHEREFORE**, Plaintiff prays for judgment as follows:

COMPLAINT FOR DAMAGES

a)  For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b)  For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $2,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____*/s/ Gregory Peacock*_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES
18